[No. 1251.  Decided March 29, 1894.]

GEORGE REED, *Respondent*, v. THE BANK OF COMMERCE OF CENTRALIA, WASHINGTON, *Appellant*.

BILL OF SALE — INDEFINITE DESCRIPTION OF PROPERTY — POSSESSION OF PURCHASER — CHATTEL MORTGAGE — VALIDITY — POSSESSION OF MORTGAGEE.

Although the description of property contained in a bill of sale thereof may be too uncertain and indefinite to indicate what property is included, yet where the purchaser has taken possession thereof his title is superior to that of a subsequent mortgagee of the property.

Where possession of goods is taken under a chattel mortgage thereof, the fact that the mortgage contains no .affidavit as to its execution having been in good faith will not affect the rights of the mortgagee.

*Appeal from Superior Court, Lewis County.*

Action by George Reed against the Bank of Commerce of Centralia, Washington, for the conversion of a quantity of shingles. The plaintiff claimed the right of possession under a chattel mortgage. The defendant claimed to have taken possession of the shingles in controversy, prior to the execution of the chattel mortgage, under various bills of sale of different quantities of shingles given by the mortgagor as pledges for advances of money. From a judgment for plaintiff defendant appeals.

*Frank C. Landrum,* and *Edward F. Hunter,* for appellant.
*George E. Rhodes,* and *A. E. Rice,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Under the issues made by the pleadings, the trial court admitted evidence in regard to a large number of questions of fact, and instructed the jury in relation thereto. Numerous errors growing out of the admission of such testimony, and of the action of the court in regard thereto, and in instructing the jury, are assigned as reasons for the reversal of the judgment.

In our opinion there was under the pleadings and proofs but a single issue, the determination of which depended upon disputed questions of fact, and, except as to issues to which there could have been little or no controversy, the verdict of the jury should have been made to depend thereon, and that was as to whether or not the appellant had taken possession of the shingles before the execution of the mortgage under which the respondent claimed. The bills of sale introduced in evidence by the appellant were void for uncertainty in description, except as aided by the taking of possession thereunder. There was no such definite description of any particular shingles as would enable an officer to take possession, if required to do so under the

terms of the bills of sale. If, however, possession of any particular portion of the shingles was by the consent of the parties to the bills of sale transferred to the appellant, and such possesion was maintained, there would be no question but that, as to the shingles thus taken possession of, the appellant's title would be superior to that of the mortgagor or those claiming under him until the amount for which they were pledged had been paid. Hence the question as to whether or not the mortgage, under which respondent claimed, was properly executed could have no influence upon the decision.

There is another reason why the question of the proper execution of said mortgage was an immaterial one under the undisputed facts of the case. It is not pretended but that, excepting as influenced by the question of which we have just been speaking, there was a change of possession from the mortgagor to the mortgagee, and such being the fact the alleged defect in the execution of the mortgage would be immaterial, as the authorities all agree that where possession is taken under the mortgage the rights of the mortgagee do not depend upon the affidavit as to its execution having been in good faith.

It will follow that the respondent was entitled to recover for the shingles unless the appellant was in possession at the date of the execution of the mortgage as above stated. If in the trial of the cause the court had correctly submitted this question to the jury, the other errors compained of, if errors they were, would not in our opinion justify us in awarding a new trial. A careful examination of the instructions, and of the course of the trial, has satisfied us that the question of the possession by appellant was not properly submitted to the jury.

The judgment will, therefore, be reversed, and the cause remanded for a new trial in accordance with this opinion.

DUNBAR, C. J., and STILES, ANDERS, and SCOTT, JJ., concur.